

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DENISE GASTON,

                Plaintiff,

        -against-

JACKSON LEWIS LLP.; NICOLE Q. SALDANA,
ESQ.; CLIFFORD R. ATLAS, ESQ.,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
14-CV-4705 (ARR)

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 14 2014 ★

BROOKLYN OFFICE

ROSS, United States District Judge.

      Plaintiff Denise Gaston, proceeding pro se, commenced this action on August 6, 2014. The Court grants plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed for lack of subject matter jurisdiction, and as barred by the doctrine of res judicata.

## Background

      In 2011, plaintiff, a former employee of the Queens Borough Public Library, filed a Title VII action which was subsequently removed to this Court. See Gaston v. Queens Public Library, 11-CV-1095 (ARR). On July 19, 2011, plaintiff and counsel for defendant executed a settlement agreement, in which plaintiff was awarded $18,000.00 and a stipulation of dismissal was signed by all parties. Id., Dkt. ##11, 13. On February 10, 2012, plaintiff filed a motion to vacate the settlement pursuant to Federal Rule of Civil Procedure 60. Id., Dkt. #16. On March 15, 2012, Magistrate Judge Poholoresky recommended that I deny plaintiff's request to vacate the settlement, which I did by order dated May 1, 2011. Id., ##21, 27.

1

In the instant action, plaintiff brings suit against the law firm and the attorneys that represented the Queens Public Library. In short, plaintiff alleges that defendants are to blame for what she perceives as her less than favorable settlement. Plaintiff seeks monetary damages.

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's pro se complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court sua sponte. Henderson ex rel. Henderson v. Shinseki, 131 S.Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed.R.Civ.P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont, 565 F.3d 56, 62–3 (2d Cir. 2009).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. Moore v. Angiuli & Gentile, LLP, No. 12-CV-2966, 2012 WL 3288747, at *2 (E.D.N.Y. Aug. 9, 2012). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quoting Sharkey v. Quarantine, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted).

Here, both plaintiff and defendants are citizens of New York, and thus diversity of citizenship is lacking. Further, the Supreme Court has provided that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." Hagans v. Lavine, 415 U.S. 528, 537 (1974) (quoting Ex parte Poresky, 290 U.S. 30, 31-32 (1933)). "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513 (citing

Bell v. Hood, 327U.S. 678, 681-85 (1946)). Despite plaintiff's citations to 28 U.S.C. § 14141 and 18 U.S.C. § 292,[1] as plaintiff has not raised any facts arising under federal law or any other basis for this Court's subject matter jurisdiction, her claims against defendants must be dismissed.

Finally, the Court notes that to the extent that plaintiff seeks in effect to set aside the stipulation of settlement in 11-CV-1095, she is barred by the doctrine of res judicata. The doctrine holds that "[a] final adjudication on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Legnani v. Alitalia Linee Aeree Italiane, S.p.A., 400 F.3d 139, 141 (2d Cir. 2005); Baker v. Sup. Ct. for N.Y., No. 12-CV-757, 2013 WL 372005, at *1-2 (E.D.N.Y. Jan. 29, 2013).

## Conclusion

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction, and as barred by the doctrine of res judicata. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                              s/Allyne Ross
                              ALLYNE R. ROSS
                              United States District Judge

Dated: August 13, 2014
       Brooklyn, New Yok

---

[1] Plaintiff cannot rely on an employment discrimination statute as she was not employed by defendants. Section 292 does not provide a private right of action. Hill v. Didio, 191 F. App'x. 13, 14 (2d Cir. 2006).

4